IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

MICHAEL L. MCMILLIAN,

        Petitioner,

v.

STATE OF ALASKA,

        Respondent.[1]

Case No. 3:23-cv-00282-JMK

## ORDER OF DISMISSAL

On December 18, 2023, Michael L. McMillian ("Petitioner"), a self-represented pretrial detainee in the Goose Creek Correctional Center in the custody of the State of Alaska Department of Corrections ("DOC"), filed a petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Section 2241") and paid the filing fee.[2] The Court takes judicial notice[3] of Petitioner's ongoing criminal case, *State of Alaska vs. McMillian,* Case No. 3AN-21-09341.[4] Mr. McMillian claims the state has violated his right to a speedy trial.

---

[1] The Court notes that the State of Alaska is not a proper respondent in this case. The proper respondent in a proceeding governed by Section 2254 is the custodian of the facility where the petitioner is held. Rule 2(a), Rules Governing Section 2254 Proceedings for the United States District Courts; *see also Belgarde v. Montana*, 123 F.3d 1210, 1212 (9th Cir. 1997).

[2] Docket 1.

[3] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (11th ed. 2019); *see also* Fed. R. Evid. 201*; Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted).

[4] Publicly available records of the Alaska Trial Courts may be accessed online at https://courts.alaska.gov/main/search-cases.htm.

For relief, he seeks dismissal of the charges against him and immediate release from DOC custody.[5]

## SCREENING REQUIREMENT

A court must "promptly examine" a habeas petition.[6] If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief, the Court must dismiss the petition.[7] 28 U.S.C. § 2241 ("Section 2241") provides federal courts with general habeas corpus jurisdiction.[8] Section 2241 is the proper avenue for a state prisoner who seeks to challenge his state custody when there is no state judgment, such as here, where Mr. McMillian challenges his pretrial detention.[9] However, upon screening, it plainly appears that Mr. McMillian is not entitled to relief, and his petition must be dismissed.

## DISCUSSION

A writ of habeas corpus allows an individual to test the legality of being detained or held in custody by the government.[10] The writ is "a vital 'instrument for the protection of individual liberty' against government power."[11] A federal district court may grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws or

---

[5] Docket 1 at 7–8.

[6] Rule 4(b), Rules Governing Section 2254 Proceedings for the United States District Courts. *See also* Local Habeas Corpus Rule 1.1(c)(2) ("Except as otherwise specifically provided by statute, rule or order of the court . . . the Rules Governing Section 2254 Cases in the United States District Courts, apply to all petitions for habeas corpus relief filed in this court.").

[7] Rule 4(b), Rules Governing Section 2254 Proceedings for the United States District Courts.

[8] *Rasul v. Bush,* 542 U.S. 466, 473 (2004).

[9] *See Magana-Pizano v. INS,* 200 F.3d 603, 608 & n.4 (9th Cir. 1999).

[10] *Rasul,* 542 U.S. at 473.

[11] *Gage v. Chappell,* 793 F.3d 1159, 1167 (9th Cir. 2015) (quoting *Boumediene v. Bush,* 553 U.S. 723, 743 (2008)).

Case No. 3:23-cv-00282-JMK, *McMillian v. State of Alaska*
Order of Dismissal
Page 2 of 7
Case 3:23-cv-00282-JMK   Document 2   Filed 05/03/24   Page 2 of 7

treaties of the United States."[12]  A petitioner may challenge his pretrial detention under Section 2241.[13]  But a district court must dismiss a habeas petition if it raises claims that are legally "frivolous or malicious" or fail to state a basis on which habeas relief may be granted.[14]

1. **Exhaustion**

"[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus."[15]  Mr. McMillian's claims will be considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary."[16]  State prisoners must give the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review."[17]

While there is no specific exhaustion requirement mandated by 28 U.S.C. § 2241(c)(3), courts have held exhaustion is necessary as a matter of comity unless special circumstances warrant federal intervention prior to a state criminal trial.[18]  Mr. McMillian fails to show he exhausted state court remedies by presenting federal constitutional or statutory claims in the ongoing criminal proceedings against him.  He

---

[12] 28 U.S.C. § 2241(c)(3).

[13] *See Stow v. Murashige,* 389 F.3d 880, 885–86 (9th Cir. 2004) (citations and quotations omitted).

[14] 28 U.S.C. § 1915A(b).

[15] *Picard v. Connor,* 404 U.S. 270, 275 (1971).

[16] *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986).

[17] *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

[18] *Carden v. Montana*, 626 F.2d 82, 83–84 (9th Cir. 1980); *see also Younger v. Harris,* 401 U.S. 37 (1971).

Case No. 3:23-cv-00282-JMK, *McMillian v. State of Alaska*
Order of Dismissal
Page 3 of 7
Case 3:23-cv-00282-JMK   Document 2   Filed 05/03/24   Page 3 of 7

also has not demonstrated that special circumstances warrant federal intervention in this case. Because Mr. McMillian has not shown he has exhausted state court remedies, the petition must be dismissed without prejudice.

**2. *Younger* Abstention**

*Younger* abstention, first announced by the U.S. Supreme Court in *Younger v. Harris*,[19] directs that "[w]hen there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution."[20] *Younger* abstention applies when the following four requirements are met:

    (1)    there is an ongoing state judicial proceeding;

    (2)    the proceeding implicates important state interests;

    (3)    there is an adequate opportunity in the state proceedings to raise constitutional challenges; and

    (4)    the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding.[21]

If a case satisfies these four requirements, a federal court must abstain from exercising jurisdiction over it unless there is "a showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate."[22] The Ninth Circuit has recognized an "irreparable harm" exception to *Younger* abstention that applies only "under extraordinary circumstances where the danger of irreparable loss is both great and immediate."[23] The Ninth Circuit has applied this limited exception to a pretrial

---

[19] 401 U.S. 37 (1971).

[20] *Sprint Commc'ns, Inc. v. Jacobs,* 571 U.S. 69, 72 (2013).

[21] *Bean v. Matteucci*, 986 F.3d 1128, 1133 (9th Cir. 2021) (quoting *Page v. King*, 932 F.3d 898, 901–02 (9th Cir. 2019)).

[22] *Id.* (quoting *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018)).

[23] *Id.* (quoting *World Famous Drinking Emporium, Inc. v. City of Tempe*, 820 F.2d 1079, 1082 (9th Cir. 1987)).

Case No. 3:23-cv-00282-JMK, *McMillian v. State of Alaska*
Order of Dismissal
Page 4 of 7
Case 3:23-cv-00282-JMK   Document 2   Filed 05/03/24   Page 4 of 7

detainee's "colorable claim that a state prosecution [would] violate the Double Jeopardy Clause,"[24] to "a challenge to pretrial detention on the basis of a stale and scientifically invalid probable cause determination,"[25] to "a pretrial detainee's claim that he had been incarcerated for over six months without a constitutionally adequate bail hearing,"[26] and to a pretrial detainee's challenge to the "forcible administration of antipsychotic medications."[27]

In this case, the first two *Younger* factors are satisfied because there are ongoing state-initiated proceedings that implicate the state's important interest in the enforcement of its criminal laws.[28] Mr. McMillian was appointed a new criminal defense attorney on February 2, 2024,[29] and he has a discovery hearing scheduled for May 15, 2024.[30] There is no indication his new attorney will be unable raise his claims in his pending state criminal case, or on direct appeal or post-conviction relief proceedings should Mr. McMillian be convicted. Rather, "for at least fifty years, the Alaska Supreme Court has been willing to consider errors involving deprivation of fundamental rights of [an]

---

[24] *Bean*, 986 F.3d at 1133–34 (quoting *Dominguez v. Kernan*, 906 F.3d 1127, 1131 n.5 (9th Cir. 2018)).

[25] *Id.* at 1134 (citing *Page*, 932 F.3d at 904).

[26] *Id.* (citing *Arevalo*, 882 F.3d at 766–67).

[27] *Id.* at 1135.

[28] *See Younger,* 401 U.S. at 45. *See also Kelly v. Robinson,* 479 U.S. 36, 49 (1986) ("The States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief."); *Lammers v. Hutchins,* No. CV 18-9433-SJO (GJS), 2019 WL 1771658, at *2 (C.D. Cal. 2019) ("Plainly, state criminal proceedings implicate important state interests.").

[29] *State v. McMillian,* Case No. 3AN-21-09341CR, Docket Entry dated 02/02/2024 ("Attorney Information Attorney Wright, Marriya Christine representing Defendant McMillian, Michael Lee as of 02/02/2024").

[30] *Id.* at Docket Entry 05/15/2024 (Nesbett Courthouse Discovery Hearing).

Case No. 3:23-cv-00282-JMK, *McMillian v. State of Alaska*
Order of Dismissal
Page 5 of 7
Case 3:23-cv-00282-JMK   Document 2   Filed 05/03/24   Page 5 of 7

appellant for the first time on appeal, including those involving speedy-trial violations."[31] Because Mr. McMillian has not demonstrated that he does not have an adequate state forum in which to pursue his federal constitutional claims, the third requirement is met. Further, the injunctive relief that Mr. McMillian seeks—dismissal of the charges and his immediate release—satisfies the fourth requirement for abstention, as it would effectively enjoin his state court prosecution.

Finally, Mr. McMillian has not alleged any specific facts that demonstrate an "extraordinary circumstance" warranting the Court's interference with the Alaska Court System's regular judicial procedure.[32] Neither the allegations nor the state court record supports a finding of harassment or bad faith on the part of the state prosecution that might warrant piercing the veil of abstention.[33] The emotional toll and inconvenience of defending criminal charges are not the kind of special circumstances or irreparable harm that justify federal habeas intervention.[34] To the extent Mr. McMillian argues that his speedy trial argument creates an "extraordinary circumstance," the Ninth Circuit Court of Appeals has "specifically rejected . . . the argument that a claimed violation of the Speedy Trial Clause . . . sufficed in and of itself as an independent 'extraordinary circumstance'

---

[31] *Hiratsuka v. Houser,* Case No. 22-35180, 2023 WL 5695995, at *1 (9th Cir. 2023) (unpublished). *See also Hinshaw v. State*, 515 P.3d 129, 131 (Alaska Ct. App. 2022) (reversing conviction because trial court erred in refusing to allow the defendant to represent himself).

[32] *Jones v. Perkins,* 245 U.S. 390, 391–92 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial.") (citations omitted).

[33] *See Juidice v. Vail,* 430 U.S. 327, 338 (holding the bad faith exception "may not be utilized unless" petitioner can allege and prove that the state prosecution is "in bad faith or [is] motivated by a desire to harass"); *Kugler v. Helfant,* 421 U.S. 117, 126 n.6 (1975) (holding bad faith "generally means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction."); *Canatella v. Cal.,* 404 F.3d 1106, 1112 (9th Cor. 2005) (holding that the bad faith exception requires more than mere conclusory allegations to invoke).

[34] *Younger,* 401 U.S. at 46, 53–54.

Case No. 3:23-cv-00282-JMK, *McMillian v. State of Alaska*
Order of Dismissal
Page 6 of 7
Case 3:23-cv-00282-JMK   Document 2   Filed 05/03/24   Page 6 of 7

necessitating pre-trial habeas consideration."[35] Thus, even assuming Mr. McMillian has a viable speedy trial claim, the claim is not properly before the Court at the present time. For the foregoing reasons, the Court also finds that abstention is required under the *Younger* abstention doctrine.

**IT IS THEREFORE ORDERED:**

1. The Petition at Docket 1 is **DISMISSED.**

2. The Clerk of Court is directed to enter a final judgment.

3. A certificate of appealability shall not issue.[36]

DATED this 3rd day of May, 2024, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE

---

[35] *Brown v. Ahern*, 676 F.3d 899, 901 (9th Cir. 2012) (citing *Carden*, 626 F.2d at 84).

[36] 28 U.S.C. §2253(c)(1)(A). *See also Wilson v. Belleque,* 554 F.3d 816, 825 (9th Cir. 2009) ("[A] state prisoner who is proceeding under § 2241 must obtain a [Certificate of Appealability] under § 2253(c)(1)(A) in order to challenge process issued by a state court."); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that a certificate of appealability may be granted only if the applicant made "substantial showing of the denial of a constitutional right," *i.e.*, showing that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotations and citations omitted)). Mr. McMillian may request a certificate of appealability from the Ninth Circuit Court of Appeals.

Case No. 3:23-cv-00282-JMK, *McMillian v. State of Alaska*
Order of Dismissal
Page 7 of 7
Case 3:23-cv-00282-JMK   Document 2   Filed 05/03/24   Page 7 of 7